HAC/jd
11/24/10

**IT IS SO ORDERED.**

**Dated: 02:04 PM November 24 2010**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT AKRON

IN RE:                                  ) CASE NO. 10-53584
STEPHEN E. NELSON
         Debtor                         ) BANKRUPTCY JUDGE:
                                        ) MARILYN SHEA-STONUM
                                        )
                                        ) **JUDGMENT ORDER WITH RESPECT TO**
                                        ) **TRUSTEE'S MOTION FOR TURNOVER**
                                        ) **AND MOTION TO COMPEL DEBTOR'S**
                                        ) **COOPERATION**

This matter came before the Court on November 24, 2010 upon the Chapter 7 Trustee's Motion for Turnover and Motion to Compel Debtor's Cooperation. In attendance, was Harold A. Corzin, Trustee and Warner Mendenhall, counsel for the debtor. The debtor was not present.

The Trustee advised that he desired the debtor's cooperation for the purpose of inspecting a 1997 Beachcraft Sierra aircraft currently hangared at the Harrison County airport, at or near Cadiz, Ohio and a 2005 trailer. The Trustee further seeks a turnover of these assets which the parties admit to be property of the bankruptcy estate pursuant to the provisions of 11 U.S.C. §541(a).

Debtor's counsel advised and the Court now observes that the debtor filed a Motion to Convert this case to a Chapter 13 proceeding by motion filed on November 24, 2010 at 9:40 a.m..

Said motion to convert will be scheduled for hearing and is not being addressed herein.

The Trustee advised that in his opinion the aircraft and the trailer contain sufficient equity to warrant administration and further advised that the debtor has failed to cooperate with the Trustee's requests that the debtor provide the title to the aircraft, proof of insurance and that the debtor cooperate with all of his agents including appraisers and liquidators. As such, the Trustee indicates that he cannot properly administer this estate.

The Court finds that Trustee's Motion is well taken and should be sustained; however, in light of the pending Motion to Convert the Court finds that the above property should not be moved, operated or altered in any manner whatsoever pending further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the debtor shall fully cooperate with the Chapter 7 Trustee with respect to the administration of the above estate assets. Further, the debtor shall fully cooperate with any and all of the Trustee's agents. The Trustee shall have the unfettered right to inspect said property and the debtor shall not impede the Trustee's efforts. The debtor is directed to forthwith turnover the original Certificate of Title for the aircraft and, if applicable, for the trailer and shall also turn over proof of current insurance coverage so as to protect these estate assets from loss. This order shall also provide the Trustee with the authority to effectuate a transfer of the title to the aircraft from the debtor to the Trustee. The governmental agency issuing aircraft titles and/or issuing replacement titles to purchasers or transferees is also directed to issue title for said aircraft to the Chapter 7 Trustee. Such request for transfer of title shall include the aircrafts identification number (the "N" number).

The Trustee is instructed to report any subsequent failure of the debtor to cooperate or any difficulty in effectuating transfer of title to this Court as and when appropriate.

###

INTERESTED PARTIES

<u>Trustee</u>:
Harold A. Corzin, Esq.
304 N. Cleveland-Massillon Road
Akron, Ohio, 44333
(by Electronic Mail)

<u>Debtor</u>:
Stephen E. Nelson
95 Rustic Terrace
Munroe Falls, Ohio 44262
(by Regular U.S. Mail)

<u>Attorney for Debtor</u>:
Warner Mendenhall
190 N. Union Street
#201
Akron, Ohio 44304
(by Electronic Mail)

The Office of the U. S. Trustee
HMM US Courthouse
201 Superior Ave., Room 441
Cleveland, Ohio, 4411
(by electronic mail)